UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEIGH PETERSON, | ) |
| Plaintiff, | ) Case No. 14-cv-9003 |
| v. | ) |
| | ) Judge John W. Darrah |
| MALGORZATA KUBIAK, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant, Malgorzata Kubiak, filed the present Notice of Removal, seeking to remove case number 2014 L 050491 from the Circuit Court of Cook County on November 10, 2014, along with an application to proceed *in forma pauperis*. Plaintiff, Leigh Peterson, filed a Motion to Remand [6] and a Motion for Sanctions [8]. Defendant further filed a Motion to Strike [14] Plaintiff's motions.

## BACKGROUND

A Circuit Court of Waukesha County, Wisconsin, entered judgment in favor of Peterson and against Kubiak in the amount of $103,240.52 on June 10, 2014. Peterson registered the foreign judgment in the Cook County Circuit Court pursuant to 735 ILL. COMP. STAT. 5/12-652. The Cook County Circuit Court entered a wage deduction order for Kubiak's employer, St. Alexius Medical Center, on October 2, 2014. Kubiak filed a Motion to Reconsider the order in the Cook County Circuit Court but failed to appear at the hearing. Kubiak then filed a Notice of Removal on November 10, 2014.

## LEGAL STANDARD

When a plaintiff fails to pay the requisite filing fee, the court shall dismiss the case at any time if the action is frivolous or malicious, fails to state a claim on which relief may be granted,

or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2). Additionally, courts may raise subject matter jurisdiction at any phase of the proceedings. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) ("Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself."). The court applies the same standard it would use to rule on a Rule 12(b)(6) motion to dismiss. *See DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). Kubiak's *pro se* Notice of Removal is construed liberally and held to less stringent standards stringent than a formal pleading drafted by an attorney. *Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014).

## ANALYSIS

In order for a case to be removable to federal court, the citizenship of the parties must be diverse and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332, 1441. A notice of removal must be filed within thirty days of receipt of a copy of the complaint. *See* 28 U.S.C. § 1446(b)(1). The proponent of federal jurisdiction "bears the burden to show that the removal was timely and that it meets all the criteria." *Douthitt v. Arvinmeritor Inc.*, No. 13-cv-754, 2013 WL 5255677, at *2 (S.D. Ill. Sept. 17, 2013) (citing *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1179 (7th Cir. 2012)).

As an initial matter, Kubiak claims that Peterson's attorney, Thomas P. Shannon, is not a member in good standing of the trial bar or general bar of this court and that, thus, he is required to file a form to appear *pro hac vice*. That is incorrect as Mr. Shannon has been an active member of the general bar of the Northern District of Illinois since April, 8 2004. Therefore, Kubiak's Motion to Strike [14] is denied.

Kubiak did not timely file her Notice of Removal to federal court. In order to obviate this problem, Kubiak argues that the addition of her employer to the proceedings, as a garnishee, restarts the removal clock. "Where the supplemental proceeding is *not merely a mode of execution or relief*, but where it, in fact, involves an independent controversy with some new and different party, it may be removed into the federal court." (Emphasis added.) *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 623 (7th Cir. 2013). In the underlying Illinois action, Peterson is merely executing a judgment entered in another state as provided for by Illinois statute. *See* 735 ILL. COMP. STAT. 5/12-652(c). Kubiak argues that the garnishee, St. Alexius, is a new and different party. Even if that were true, there is no independent controversy as St. Alexius is not challenging the garnishment. Therefore, the removal is not timely.

Even if this were not the case, Kubiak's removal is also in violation of 28 U.S.C. § 1441(b)(2), which states that a defendant may not remove an action to the federal court in the state where they reside when the only basis for federal jurisdiction is diversity. *See* 28 U.S.C. § 1441(b)(2). Kubiak does not point to any basis of federal jurisdiction aside from diversity. As a defendant in the underlying action, Kubiak may not remove the case to a federal court for the state in which she resides.

Kubiak argues that she is not seeking to disturb the judgment of the Wisconsin state court but only halting the entry of a fraudulently obtained judgment in Illinois. This argument is unpersuasive. If the judgment in Wisconsin is not invalid then there is no issue with enforcing the judgment in Illinois under the Full Faith and Credit clause of the Constitution. Kubiak is again asking this Court to review the Wisconsin Circuit Court's ruling, which cannot be done under the *Rooker-Feldman* doctrine. *See Commonwealth Plaza Condo. Ass'n v.*

*City of Chicago*, 693 F.3d 743, 745 (7th Cir. 2012). And, so, this Court is without subject matter jurisdiction. Kubiak "must follow the appellate process through the state court system and then directly to the United States Supreme Court." *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008). As Kubiak has been told, many times and by several judges in the Northern District of Illinois, if she wishes to challenge the judgment against her, she must do so in the applicable state court.

Peterson asks for the imposition of sanctions. A district court may enter sanctions under Federal Rules of Civil Procedure 11 even when subject-matter jurisdiction does not exist. *See Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992) ("The interest in having rules of procedure obeyed, by contrast, does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction."). As previously stated, Kubiak has been told many times that this action may not be removed to federal court. Additionally, it seems clear that this is a dilatory tactic to continue the stay on wage garnishment. As such, sanctions are appropriate under Rule 11(b)(1) and (b)(2):

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b)(1)-(2). Kubiak is ordered to pay Peterson and her counsel any costs and fees associated with litigating her improper and frivolous Notice of Removal.

**CONCLUSION**

For the reasons discussed above, this case is dismissed without prejudice for lack of subject-matter jurisdiction. Kubiak's Motion to Strike [14] and her Application for Leave to Proceed *In Forma Pauperis* [4] are denied. Peterson's Motion to Remand [6] is denied as moot, and her Motion for Sanctions [8] is granted. Peterson shall submit a statement of fees and costs incurred as a result of Kubiak's improper removal within twenty-one days of the entry of this Order. The case is continued to January 14, 2015, at 9:30 a.m. for a status hearing.

Date:     December 11, 2014          /s/ _____
                                                      JOHN W. DARRAH
                                                      United States District Court Judge